**In re Charles D. BLAISURE, Debtor.**

**Bankruptcy No. 5–84–00573.**

United States Bankruptcy Court,
M.D. Pennsylvania.

April 29, 1992.

---

David Lanza, Lemoyne, PA, for PFA, plaintiff.

Myles Wren, Scranton, PA, for debtor/defendant.

Robert Jude Jenison, Harrisburg, PA, for FmHA, defendant.

Bernard A. Podcasy, Wilkes–Barre, PA, for Comm. of Pa., Dept. of Labor & Industry, defendant.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On April 27, 1988, the Pennsylvania Agricultural Cooperative Marketing Association, now known as PFA Marketing Cooperative, (PFA), filed a request for payment of administrative claim under 11 U.S.C. § 503(b)(1)(A) in the total amount of Nineteen Thousand Nine Hundred Seventy and 32/100 Dollars ($19,970.32). The claim is broken down into Seventeen Thousand Four Hundred Twenty–Five and 95/100

Dollars ($17,425.95) for principal and Two Thousand Five Hundred Forty–Four and 37/100 Dollars ($2,544.37) for interest and finance charges.

Notice of this request was circulated to all creditors and said Notice generated an answer by the Debtor, an objection by the United States of America, Department of Agriculture, Farmers Home Administration, (FmHA), and an objection by the Commonwealth of Pennsylvania, Department of Labor and Industry.

The matter was heard by the Court on April 22, 1990. A review of the record, as well as the objections filed, indicates that there was no objection to the request for administrative expense made by PFA Marketing Cooperative under Section 503(b).

Realizing that the only funds generated by the Debtor were proceeds from the sale of cattle secured by the FmHA, the PFA then advanced the theory that they were entitled to be paid from the collateral, under the provisions of Section 506(c), since they sold feed for the dairy cattle. PFA argues that feed was a necessary and reasonable expense of preserving FmHA's collateral, i.e. the cattle.

Although the FmHA, in its brief, has conceded the right of PFA to an administrative allowance, they contest PFA's "entitlement" to an award under Section 506 of the Bankruptcy Code alleging (1) PFA has no standing to request a claim under Section 506(c) since that right exists solely with the "Trustee"; (2) PFA has submitted no evidence that the expense preserved the asset; and (3) PFA has submitted no evidence that the expenses associated with providing grain to these dairy cows actually benefited the secured creditor i.e., the FmHA.

■ It is quite easy to dispose of one of the FmHA's objections that challenges the ability of PFA, a creditor, to seek payment under 11 U.S.C. § 506(c).

That Section reads as follows:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such prop-

erty to the extent of any benefit to the holder of such claim.

Our Circuit has addressed the question as to whether the Trustee is the only entity entitled to make such request. In *In re McKeesport Steel Castings Co.* 799 F.2d 91 (3rd Cir., 1986), the Court considered whether a creditor has standing to recover administrative expenses from the sale of secured collateral. The Third Circuit affirmatively concluded that a creditor does have standing under 11 U.S.C. § 506(c).

■ The remainder of the issues raised by the FmHA are not easily resolved. One point is clear, however, the record of April 22, 1990, included no testimony and identified no stipulation of facts which this Court could utilize in addressing the issues. There is dialogue between attorneys that feed was purchased by the Debtor from PFA and that feed was used for the cows collateralized by the FmHA. Dialogue between lawyers is not evidence and this Court cannot accept it as such.

■ Moreover, if we were to delve into the area of Section 506 of the Bankruptcy Code, we must first conclude that PFA is trying to "recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of such property ..." 11 U.S.C. § 506(c). If an attempt is made to recover money or property, the Rules of Part VII of the Federal Rules of Bankruptcy Procedure must be implemented. Federal Rules of Bankruptcy Procedure, Rule 7001. This action has not been initiated as an adversary proceeding.

This Court notes that the original Motion was filed almost four years ago and deserves to be expedited.

Occasionally, the best way to expedite a matter is to "start from scratch". Accordingly, this Court concludes that PFA is allowed an administrative expense in the principal amount of Seventeen Thousand Four Hundred Twenty–Five and 94/100 Dollars ($17,425.94). The escrow fund created by the sale of secured cattle and currently held by PFA pending the outcome of this litigation is ORDERED turned over to

the Chapter Seven Trustee subject, of course, to the claims of the secured creditor, FmHA, as well as the "potential" Section 506 claim of PFA. Should PFA wish to further pursue its claim in the liquidated fund, they may address that issue in an adversary proceeding under Part VII of the Federal Rules of Bankruptcy Procedure. Upon proper Motion, disposition of the adversary will be expedited.